UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL GREENE,

                Plaintiff,                       08-CV-4971 (TCP)

      -against-                           **ORDER**

NETSMART TECHNOLOGIES, INC.,

                Defendant.
----------------------------------------------------------X
PLATT, District Judge.

        Before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("Report") as to defendant Netsmart Technologies, Inc.'s motion to dismiss this action and/or for sanctions and costs. DE 70. Defendant brings its motion pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). For the reasons set forth in her Report, Magistrate Judge Tomlinson recommended: (1) that defendant be awarded 50% of its costs and attorney's fees related to the analysis performed by PCdotCom; and (2) that defendant be awarded costs and attorney's fees for making this motion. The Report also recommends that plaintiff and his attorneys each pay 50% of the awards.

        The undersigned, having considered the Report as well as plaintiff's objections[1] and defendant's opposition to plaintiff's objections, hereby

---

1. The Court declined to consider plaintiff's counsel's *ex parte* objections for failure to comply with Rule 1.8(b) of New York's Rules of Professional Conduct, which provides:

> Current Clients: specific conflict of interest rules . . .
> A lawyer shall not use information relating to representation of a client to the
> disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

22 NYCRR § 1200.1.8. No evidence was submitted demonstrating that plaintiff was advised, by a

adopts the Report and Recommendation in its entirety for the reasons set forth therein. Furthermore, the costs and attorney's fees related to the filing of the present objections and this decision are also awarded to defendant and are to be shared by plaintiff and his counsel equally.

**SO ORDERED**.

Dated: June 2, 2011
   Central Islip, New York

                 /s/
                 Thomas C. Platt, U.S.D.J.

---

disinterested lawyer, of the consequences of allowing his attorneys to take a position adverse to plaintiff's interests. In addition, "[u]nlike witnesses, whose interests may differ substantially from the parties', attorneys assume an ethical obligation to serve their clients' interests." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 206 (1999) (citing *Evans v. Jeff D.*, 475 U.S. 717, 728 (1986)). "This obligation remains even where the attorney might have a personal interest in seeking vindication from" a sanctions order. *Id.* at 207.